Andrew Armstrong v. The State.

No. 7987. Decided October 8, 1924.

Rehearing denied November 21, 1924.

**Transporting Liquor—Charge of Court—Circumstantial Evidence.**

In this cause appellant was travelling in an automobile when accosted by officers. When halted by them he ran, and was seen to throw two bottles of whisky away. Later, after indictments he told a witness that he had bought the whisky from a negro. *Held,* not a case depending wholly on circumstantial evidence. See authorities collated in Vernon's Ann. C. C. P., page 447.

Appeal from the District Court of Brazos County. Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction of transporting intoxicating liquor. Pen-

alty one year in penitentiary.

*Lamar Bethea,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Brazos county of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

On the night in question two officers waylaid two cars in which were a number of persons, among whom was appellant. He and one Schultz were in the back seat of the rear car as said cars came along the road to the point where the officers were waiting. Said rear car was being driven by a son of appellant. When the officers stopped the cars appellant sprang out on one side and Schultz on the other. Each started to run away. Schultz was not caught but appellant was. The officers testified to seeing appellant throw a large bottle of hsiky into a gully, as he ran, and then throw another large bottle of whisky into a pool of water. Between the place where the large bottle was found in the gully and the other in the water, a smaller bottle of whisky was also picked up by the officers. After he made bond appellant informed a party that he had bought the two large bottles of whisky from a man whom he did not know, who gave him the small bottle as a sample. The officers could see the cars coming for quite a distance before they reached the place they were stopped.

There are three bills of exception. The court correctly refused to quash the indictment which charged that appellant did then and there unlawfully transport spirituous liquor capable of producing intoxication.

The two remaining bills raise the question of the refusal to charge on circumstantial evidence, an exception being reserved to the main charge for its failure to so charge, and also to the refusal of a special charge presenting the law of said issue. We do not think this a case wholly dependent on that character of testimony. There was no question but that the whisky was transported. The only time it was seen by any witness was in the possession of appellant who admitted that he had bought it from a negro. The fact that he testified in his own behalf that the whisky was setting in the bottom of the car and that Schultz put it there, and that Schultz told him to throw it out when confronted by the officers, would not bring the case within the realm of circumstantial evidence. Many authorities collated by Mr. Vernon on page 447 of his Annotated C. C. P. support the proposition that admissions and confessions of the accused which show his guilt, relieve the case of being circumstantial. Appellant

also while a witness stated that Schultz told him about the whisky. There was no dispute of the fact that appellant did state after making bond that he bought the whisky from an unknown party. He admitted himself that he did make such statement.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*